No. 6673.

A. DUVIC VS. J. B. HENRY ET AL.

The averment of Plaintiff, that he is in possession of property bought by him when he was a minor, is a sufficient averment of his ratification of his purchase after he became of age to enable him to revendicate the property against the seizing creditor of his vendor.

APPEAL from the Fourth District Court, parish of Orleans. *Houston*, J.

*E. Sabourin* for Plaintiff and Appellant.

*W. S. Benedict* and *Jos. P. Hornor* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. Under execution against Conrad Duvic, Henry seized a valuable blacksmith establishment, on the 20th February, 1875, as belonging to his debtor.

The plaintiff, Alphonse Duvic, claimed, on the 24th following, to be the owner of the establishment, alleging himself in possession thereof at the time of seizure, and enjoined further proceedings under the writ.

An exception was filed by the seizing creditor, that at the date of the alleged sale to plaintiff he was a minor, not emancipated, and incapable of making a valid contract.

On the trial of the exception the defendants established, by written evidence, that plaintiff was born on the 25th of October, 1854, and the plaintiff offered no evidence to show ratification by him, after his majority, of the purchase made by him of the establishment, some four months before he became of age.

The District Judge, considering that the evidence was essential, sustained the exception and dismissed the suit, dissolving the injunction, with a reserve of a right to sue for damages.

The petition disclosed a cause of action. The plaintiff alleged his purchase of the concern on the 5th of June, 1875, and that, on the 20th of February, when the sheriff seized, *he was in possession*.

The fact that he was not quite of age when he acquired the establishment cannot prove injurious to him. It is well established that a minor can better his condition by acquiring property, eventually at the risk of

the vendor. The fact of possession at the time of seizure, alleged by the plaintiff, did not require proof, and had to be taken for true on the trial of the exception. 13 A. 205; 23 A. 13.

It is a matter pertaining to the merits, which otherwise would have been determined on a defense purely preliminary, which, even as to what it sets up, was irregular.

The averment of possession amounts to one of ratification. When verified by proof, it will be more effectual or powerful than that which can be ascertained from words. R. C. C. 2272; 10 M. 735; 6 L. 606; 2 L. 518; 13 A. 407.

The exception should have been overruled, and the defendant ordered to answer.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; that the exception be overruled; that this case be referred to the Civil District Court for the parish of Orleans, which has superseded the late Fourth District Court, with instructions to reinstate it, and to further proceed therein according to law.

Levy, J., absent.